**SO ORDERED.**

**SIGNED this 6th day of August, 2021.**



*Dale L. Somers*
Dale L. Somers
United States Chief Bankruptcy Judge

___

**Designated for online use but not print publication**
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| In re: | |
| Jeromy Robert Brooks<br>Marlene Ellen Brooks, | Case No. 21-10342-7 |
| Debtors. | |
| Christopher Bookter, | |
| Plaintiff, | Adversary No. 21-5017 |
| v. | |
| Jeromy Robert Brooks, | |
| Defendant. | |

**Memorandum Opinion and Order**
**Granting Motion to Dismiss**

Plaintiff objects to the discharge of a $388,361.78 judgment he holds

against Debtor/Defendant Jeromy Robert Brooks, entered in state court

based on findings of Debtor's vicarious liability as the owner of a bar for the vicious attack of Plaintiff in that bar by one of Debtor's employees. Plaintiff seeks the nondischargeability of the debt under 11 U.S.C. § 523(a)(6) ("willful and malicious injury by the debtor to . . . the property of another entity").[1] Debtor filed a motion to dismiss the complaint, generally arguing an action under § 523(a)(6) could not, as a matter of law, be based on imputed liability. In the alternative, Debtor seeks a more definite statement under Federal Rule of Civil Procedure 12(e).

The Court agrees that Plaintiff has not stated a claim against Debtor under § 523(a)(6). The statute itself requires that the debt that is nondischargeable under § 523(a)(6) is for willful and malicious injury *by the debtor*. Plaintiff's complaint is solely based on a state court default judgment that concluded only that Debtor was vicariously liable for Plaintiff's injury. This is insufficient as a matter of law to support a claim under § 523(a)(6). The Court grants Debtor's motion to dismiss the complaint.[2]

## I. Factual and Procedural Background

Plaintiff's complaint is very bare bones. The complaint states that

---

[1] All future references to title 11 of the United States Code will be to section number only.
[2] Doc. 13. Plaintiff appears by William J. Fitzpatrick, I and Debtor appears by Blair Bohm.

2

Plaintiff objects to discharge of the final judgment entered against Debtor in a state court case, number 2019-CV-000042, with a certified copy of the judgment attached. Plaintiff then states the judgment debt should be excepted from discharge under § 523(a)(6). The entire complaint is contained within one paragraph. Attached to the complaint is the journal entry of judgment from the Montgomery County, Kansas, state court case, filed May 8, 2020. The judgment, entered by default, includes findings of fact and grants judgment for Plaintiff for medical bills of $38,361.78 and non-economic damages of $350,000.

According to the findings of fact in that state court judgment, Plaintiff entered Chicks Pool Hall in Coffeyville, Kansas, on January 16, 2019, and was "visiting with a female guest near one of the pool tables."[3] A bartender, Wyatt Knisley, who was hired by Debtor and "assigned the duty to keep order inside the facility,"[4] then "attacked" Plaintiff – Knisley struck Plaintiff with his fists and continued to hit Plaintiff in the head after Plaintiff fell unconscious to the floor. According to witnesses, Knisley approached Plaintiff and began yelling, Plaintiff pushed Knisley away, and then Knisley punched Plaintiff, causing Plaintiff to fall to the floor. Knisley got on top of Plaintiff

---

[3] Doc. 1 Exh. 1 p. 3 ¶ 1.
[4] *Id.* p. 5 ¶ 6.

and continued to punch Plaintiff. Knisley then "ordered employees to carry [P]laintiff's unconscious body and throw him out onto the concrete entrance to the facility in the cold night."[5] At some point Plaintiff regained consciousness and attempted to stand, but fell backward, "crushing the back of his head on the concrete."[6]

Plaintiff's injuries included a concussion, multiple contusions and lacerations of his head, a closed fracture of the maxillary sinus, and a fracture of the left eye orbit. Plaintiff required extensive medical treatment in January 2019, and required reconstructive surgery on his left eye orbit on January 22, 2019. Plaintiff's medical bills totaled $38,361.78.

Judgement was entered against Jeremy Brooks, d/b/a Chicks Pool Hall LLC and Nine Ball Brewing Co., Inc. The state court judgment concludes a special relationship existed between Plaintiff and Debtor, as Plaintiff was a business invitee of Debtor. The Judgment concludes the attack by Knisley "was done in the course and within the scope of authority granted [Knisley] by [Debtor], the owner of Chicks Pool hall, LLC and Nine Ball Brewing Co."

Almost a year after the state court judgment was entered, on April 22, 2021, Debtor and his spouse filed a Chapter 7 bankruptcy petition. Plaintiff

---

[5] *Id.* ¶ 7.
[6] *Id.* ¶ 8.

then filed his complaint, objecting to the dischargeability of the debt under § 523(a)(6). In response, Debtor filed a motion to dismiss, or in the alternative, for a more definite statement.

II.     Analysis

A.      **Standards of Law for Motions to Dismiss.**

Adversary proceedings concerning "the dischargeability of particular debts" are core proceedings under 28 U.S.C. § 157(b)(2)(I), over which this Court may exercise subject matter jurisdiction.[7]

Federal Rule of Bankruptcy Procedure 7012(b) incorporates Federal Rule of Civil Procedure 12(b) into all adversary proceedings, and Rule 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To determine whether a claim has been stated under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] A

---

[7] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Amended Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy Judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order 13-1, *printed in* D. Kan. Rules of Practice and Procedure (March 2018).

[8] *Williams v. Meyer (In re Williams)*, 438 B.R. 679, 683 (10th Cir. BAP 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

claim is facially plausible if the factual content plead, as opposed to legal conclusions made, allow a court to draw the reasonable inference that the stated claim is present.[9]

At this point, the Court's function "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted. All well-pleaded factual allegations in a complaint are accepted as true and viewed in the light most favorable to the nonmoving party."[10]

## B. Nondischargeability under § 523(a)(6).

Subsection 523(a)(6) of title 11, the basis for Plaintiff's nondischargeability claim, provides as follows:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt– –
> . . .
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]

Subsection 523(a)(6) only applies to "acts done with the actual intent to cause

---

[9] *Id.* (internal quotations omitted); *see also Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

[10] *In re Expert South Tulsa, LLC*, 522 B.R. 634, 651 (10th Cir. BAP 2014) (internal quotations omitted).

6

injury."[11] The injury must be both willful and malicious.[12]

Under § 523(a)(6), a debtor "must intend the consequences of his actions, not just the actions themselves."[13] Plaintiff, as the creditor pursuing nondischargeability, has the burden of proof under § 523(a)(6).[14]

An injury is willful when there is "a deliberate or intentional injury, not merely 'a deliberate or intentional act that leads to injury.'"[15] A willful injury can either be established by "direct evidence that the debtor acted with the specific intent to harm a creditor or the creditor's property, or by indirect evidence that the debtor desired to cause the injury or believed the injury was substantially certain to occur. This is a subjective standard."[16]

An injury is malicious if the debtor's actions are wrongful.[17] As the Tenth Circuit BAP recently noted:

> For an injury to be "malicious," evidence of the debtor's motives, including any claimed justification or excuse, must be examined to determine whether the requisite 'malice' in addition to 'willfulness' is present. All the surrounding circumstances, including any

---

[11] *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998).
[12] *First Am. Title Ins. Co. v. Smith (In re Smith)*, 618 B.R. 901, 911 (10th Cir. BAP 2020) ("This Court concludes that proof of a 'willful and malicious injury' under § 523(a)(6) requires proof of two distinct elements — the injury must be both 'willful' and 'malicious.' Analyzing and applying 'willful' and 'malicious' separately is the better approach.").
[13] *Melquiades v. Hill (In re Hill)*, 390 B.R. 407, 411 (10th Cir. BAP 2008).
[14] *Grogan v. Garner*, 498 U.S. 279, 286 (1991).
[15] *In re Smith*, 618 B.R. at 912 (quoting *Kawaauhau*, 523 U.S. at 57).
[16] *Id.* (internal citations omitted).
[17] *Id.* at 919.

justification or excuse offered by the debtor, are relevant to determine whether the debtor acted with a culpable state of mind vis-a-vis the actual injury caused the creditor. A willful and malicious injury requires more than negligence or recklessness.[18]

The "totality of circumstances must be examined to determine if a wrongful state of mind was present" when the debtor caused the alleged injury to the creditor.[19]

### C. Imputed Liability Cannot Form the Basis for a Nondischargeability Claim under § 523(a)(6).

Debtor argues Plaintiff has not pled willful and malicious injury by Debtor, but only by Knisley, and that liability for willful and malicious injuries cannot be imputed to a debtor. Plaintiff's complaint relies on the state court's default judgment, which in turn imputes liability to Debtor under *Beggerly v. Walker*.[20] In that case, the Supreme Court permitted a complaint to move forward alleging vicarious liability to a bar owner for an assault against the patron of that bar by an employee.[21] The case stands for the proposition that a bar owner—here, Debtor—can be liable based on vicarious liability for the assault by an employee of that bar—here, Knisley. Debtor argues that because Kansas courts recognize vicarious liability for

---

[18] *Id.* (internal citations and quotations omitted).
[19] *Id.* at 920.
[20] 397 P.2d 395 (Kan. 1964).
[21] *Id.* at 400-01.

8

assault and battery, the bankruptcy court "must give full faith and credit" to that decision.[22]

But civil tort liability for assault based on vicarious liability in state court is vastly different than a nondischargeability action under § 523(a)(6) in bankruptcy court. There is a long line of cases concluding imputed liability is not actionable under § 523(a)(6).[23] There is nothing in Plaintiff's complaint, or

---

[22] Doc. 14 p. 2.

[23] Cases within the Tenth Circuit are in agreement. *See, e.g.*, *Cocoma v. Nigam (In re Nigam)*, No. CO-17-044, CO-17-045, 2018 WL 3768990, at *10 (10th Cir. BAP Aug. 9, 2018) ("this Court's research reveals no scenario where a debtor was held vicariously liable, resulting in denial of discharge pursuant to § 523(a)(6), and sees no reason to deviate from the prevailing view"); *Armstrong v. Oslin (In re Oslin)*, 584 B.R. 363, 374 (Bankr. N.D. Okla. 2018) ("Notwithstanding that under applicable tort law [the debtor] may be held liable for the acts of her employees, the employee's act of serving liquor to the minor cannot be imputed to [the debtor] for the purpose of Section 523(a)(6)"); *First New Mexico Bank v. Bruton (In re Bruton)*, No. 7-09-13458 JA, 2010 WL 2737201, at *8 (Bankr. D.N.M. July 12, 2010) ("This Court agrees that non-dischargeability of a debt under 11 U.S.C. § 523(a)(6) cannot, as a matter of law, be based on imputed or vicarious liability of the debtor for acts committed by someone else.").

Cases outside this Circuit hold likewise. *See, e.g.*, *Davis v. Tomasek (In re Tomasek)*, No. 05-10777, 175 F. App'x 662, 668 (5th Cir. Apr. 7, 2006) (affirming bankruptcy court rejection of argument that an employer "should be held responsible for damage allegedly caused by his employees, even if willful, explaining that courts overwhelmingly have rejected such vicarious liability under § 523(a)(6)"); *Loucks v. Smith (In re Smith)*, 537 B.R. 1, 15 (Bankr. M.D. Ala. 2015) ("Vicarious liability, without more, cannot form the basis for a determination that [the employer's] conduct was "willful" within the meaning of § 523(a)(6)."); *Hamilton v. Nolan (In re Nolan)*, 220 B.R. 727, 732 (Bankr. D.D.C. 1998) ("This court agrees with the majority who have ruled that nondischargeability of a debt under § 523(a)(6) cannot be grounded on the imputation to the debtor of acts of another."); *Columbia Farms Distr., Inc. v. Maltais (In re Maltais)*, 202 B.R. 807, 811-12 (Bankr. D. Mass. 1996) (discussing cases and stating, "The imputation of the acts of a third party to deny the dischargeability of a debt appears to this Court to be inconsistent with its twin mandates to provide a fresh start to the honest debtor and to do equity

9

the attached state court judgment, that indicates *Debtor's* actions involved a subjectively deliberate and intentional injury and a malicious motive, both of which are required for a claim under § 523(a)(6). As one bankruptcy court stated:

> There is nothing in the language or the legislative history of § 523(a)(6) to suggest that common law notions of vicarious or imputed liability are appended to the statutory exceptions to a discharge in bankruptcy. Quite the contrary, application of vicarious liability would effectively vitiate the § 523(a)(6) requirement that only debts resulting from willful acts committed by the debtor be nondischargeable. Vicarious liability as a social policy or legal fiction ignores the master's knowledge and imposes fault and financial responsibility without regard to culpability or intent. Section 523(a)(6) is founded on the contrary notion that only a debt resulting from the deliberate acts of the debtor can be excepted from discharge in bankruptcy. In the absence of clear statutory exception for "vicarious acts," the legislative intent to permit a broad discharge in bankruptcy should not be emasculated by common law tort principles.[24]

Under § 523(a)(6) the willful and malicious acts must be committed *by the debtor*. There is no allegation in Plaintiff's complaint that *Debtor* committed a willful and malicious injury. There is no allegation debtor was even present at the establishment when Knisley "attacked" Plaintiff, let alone that Debtor

---

within the confines of the Bankruptcy Code.").

[24] *Thatcher v. Austin (In re Austin)*, 36 B.R. 306, 311-12 (Bankr. M.D. Tenn. 1984). Plaintiff's argument is to focus on the language of § 523(a)(6) that an individual debtor is not discharged from "any debt" for willful and malicious injury. But focusing on the phrase "any debt" while ignoring the phrase "by the debtor" is disingenuous.

10

participated in the attack. Plaintiff has failed to state a claim against Debtor under § 523(a)(6).

## III. Conclusion

Debtor's motion to dismiss[25] is granted. Plaintiff's complaint fails to state a claim upon which relief can be granted. Because the Court is dismissing the complaint as matter of law, it need not reach Debtor's alternate argument that a more definite statement is needed.

**It is so Ordered**.

# # #

---

[25] Doc. 13.